IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

PATRICIA ALDRIDGE,

          Petitioner,

v.                          CIVIL ACTION NO. 3:05-0827

DAVID BALLARD, Warden,
Lakin Correctional Center,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Respondent David Ballard's Motion for Summary Judgment (Doc. 16) requesting the denial of Patricia Aldridge's petition for Writ of Habeas Corpus. Magistrate Judge Maurice Taylor has issued Proposed Findings and Recommendations, which recommend the grant of summary judgment and denial of the writ. For the reasons explained below, the Court agrees with Judge Taylor, **ADOPTS** his Proposed Findings and Recommendations and **DENIES** the Petitioner's Objections.

Also pending is Petitioner's Motion for Hearing (Doc. 20) and Motion for Appointment of Counsel (Doc. 21). Each of these motions is **DENIED**.

**Background**

In August 1999, a jury in the Wayne County Circuit Court found Petitioner guilty of murder in the first degree. The state successfully convinced the jury that Ms. Aldridge had assisted her lover in the brutal slaying of her husband. The jury did not recommend mercy and, consequently, Ms. Aldridge was sentenced to life imprisonment without the possibility of parole. Aldridge

appealed her conviction to the West Virginia Supreme Court, but they denied her petition. Next, Ms. Aldridge filed a petition for writ of habeas corpus in the Circuit Court of Wayne County. The circuit court denied the petition on March 2, 2005. She against petitioned the West Virginia Supreme Court for relief and again the court denied her petition for appeal. Finally, Aldridge filed a petition for habeas relief in this Court pursuant to 28 U.S.C. § 2554. Magistrate Judge Taylor has filed Proposed Findings and Recommendations, which recommend a denial of her petition and a grant of summary judgment to the Respondent.

Aldridge raises numerous grounds for relief in her petition for writ of habeas corpus. Her objections to Judge Taylor's proposed findings and recommendations are based on similar grounds as her initial arguments. Petitioner's arguments and Judge Taylor's recommendations on each ground are discussed in turn below.

## Standard of Review

"[A] district court judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72. Because Petitioner timely objected to Judge Taylor's findings, the de novo standard of review applies to the petitioners claims. Here, Petitioner submitted additional evidence along with her objections. This evidence will be considered along with that previously on the record.

Pursuant to 28 U.S.C. § 2254, a federal court may grant relief in a habeas proceeding initiated by a state prisoner in limited circumstances.[1] A case adjudicated on the merits in state court

---

[1] As Ms. Aldridge correctly points out in her objection, a petition filed pro se should be construed liberally, and is held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007). This standard, however, addresses only construction of the pleadings. Controlling legal principles are not altered to be more favorable to the petitioner.

will not be disturbed unless the proceedings,

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to federal law only if it "applies a rule that contradicts the governing law" set forth in U.S. Supreme Court cases "or if it confronts a set of facts that is materially indistinguishable from a decision of th[e] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state-court decision involves an unreasonable application of th[e] [Supreme Court's] clearly established precedents if the state court applies th[e] Court's precedents to the facts in an unreasonable manner." *Id.* In reviewing the state court proceedings a federal court must respect these standards and bear in mind that it acts only on violations of federal law and does not sit as another level of state appellate court. *See Wainright v. Goode*, 464 U.S. 78, 84 (1983) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

## DISCUSSION

**I.  The State Court's Decision Not to Grant a Motion for Change of Venue Does Not Meet the Necessary Standards for Relief on a Petition for Habeas Corpus**

Petitioner first objects that she was prejudiced by pre-trial publicity and that state trial court erred in its denial of her motion for change of venue. The Due Process Clause of the United States Constitution guarantees criminal defendants the right to be fairly heard by a panel of "impartial, 'indifferent' jurors." *See Irwin v. Dowd,* 366 U.S. 717, 722 (1961). "It is not required, however,

that the jurors be totally ignorant of the facts and issues involved." *Id*. Rather "it is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Id.* at 723. In fact, there is a presumption of impartiality afforded to jurors. *Poynter v. Ratcliff*, 874 F.2d 219, 221 (4th Cir. 1989); *Wells v. Murray,* 831 F.2d. 468, 472 (4th Cir. 1987).

When pretrial publicity has created a possibility of juror bias, the court must evaluate the impact of pre-trial publicity on the jury through the voir dire examination of jurors. *Wells,* 831 F.2d at 472. Because of the presumption of impartiality, the petitioner bears the burden of demonstrating the violation of her due process right because of bias. "[I]t is not sufficient to simply allege adverse publicity without a showing that jurors were biased thereby." *Id.* (quoting *Wansley v. Slayton* 487 F.2d 90, 92 n. 8 (4th Cir. 1973)).

Petitioner has submitted newspaper articles along with her objections as evidence of pre-trial publicity. The Court acknowledges that because of the circumstances of this crime and the fact that the victim was a camera man with a local news crew, the investigation and trial were covered in both the newspaper and television. This is evident not only because of the news articles, but also because most of the jurors indicated they had heard of the events in question. The situation, however, did not rise to the "extreme circumstances" in which pretrial publicity itself may create a presumption of prejudice. *See id.* An examination of voir dire shows that circuit court judge was conscious of the possibility of prejudice due to a biased jury. He was careful to ask each juror who had heard of the case whether they would be able to render a fair and impartial verdict based solely on the law and evidence presented in court. He excluded for cause those who admitted they could not. The judge also excused for cause at least one juror whose detailed knowledge of the case led him to suspect he might have difficulty deciding the case on the record. Of the jurors who remained on

venire the vast majority mentioned only a fleeting recollection of media reports or basic facts related to the crime. Significantly none of the venire, including those excluded for cause, stated they had formed a prior opinion about the case. The U.S. Supreme Court has indicated that findings on impartiality by a trial judge are due special deference by a federal habeas court. *Patton v. Yount*, 467 U.S. 1025, 1037 n. 12 (1984). With no substantial indications of bias, the Court must defer on this matter.

In her objections, Petitioner argues that had the change of venue motion been granted their would be no need to analyze the pre-trial publicity or the jury venire. The Court must undertake such an analysis, however, because it can only offer relief if a constitutional right has been infringed. Here , pursuant, to the appropriate standard, it cannot make such a finding. The Court agrees with the magistrate judge's findings and **ADOPTS** them as its own. It **DENIES** Petitioner's objections.

**II.     The State Court Did Not Violate Petitioner's Speedy Trial Rights**

The Sixth Amendment to the United States Constitution guarantees litigants the right to a speedy trial. Petitioner argues that the circuit court infringed upon this right when he continued her trial sua sponte to the next term of court. In her objections, she cites W.Va. Code § 62-3-1 for support of her position. The statute provides, "[w]hen an indictment is found in any county, . . . the accused, . . .shall, *unless good cause be shown for a continuance*, be tried at the same term. *Id.* (emphasis added).

The Court would first note that a federal writ of habeas corpus can only be granted for a violation of federal law, and not for state law. *See* 28 U.S.C. § 2254. An analysis under the United States Constitution is required. Additionally, on this Court's reading, the state statute cited by Petitioner grants discretion to the trial court to continue a trial beyond the first term if good cause

is shown. In Petitioner's case, the state judge continued her trial because he did not want the same jury panel who decided Vicker's case to decide Petitioner's case.[2]

Moving to the constitutional analysis, the U.S. Supreme Court has set forth four enquiries a court must make when analyzing whether the sixth amendment right has been infringed: "whether the delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether [s]he suffered prejudice as the delay's result." *Doggett v. U.S.* 505 U.S. 647, 652 (1992). After considering these factors, the Court agrees with Judge Taylor that Petitioner did not suffer an abridgment of her sixth amendment right to speedy trial. The delay from charge to trial was just over one year, and barely over the minimum time period when a speedy trial analysis is even necessary. *See id.* at n. 1 (recognizing that lower courts generally established a one-year threshold). While the prosecution may have decided to try Vickers first, the actual decision to continue was one made by the judge and neither party. It is uncontested that Petitioner did not object to the continuance or otherwise assert her speedy trial rights. Finally, on the issue of prejudice, Petitioner was free on bond and has not indicated any impairment in her preparation for trial. The Court hereby **ADOPTS** the magistrate's findings and **DENIES** Petitioner's objections on this issue.

---

[2]In her objections, Petitioner attempts to use the trial court's decision to mover her trial to the next term as evidence of pre-trial publicity so extreme as to create prejudice. There would have been a different possibility of prejudice, however, if the same panel used to try the principal in her husband's murder was used in her case. Additionally, in a small community such as Wayne County, West Virginia, the trial court would likely have run into difficulty finding enough jurors to fill the panel if the two murder cases were tried in the same term. Many jurors in Ms. Aldridge's case told the judge they had already served on another jury trial in the that term.

### III. The Circuit Court's Evidentiary Rulings Did Not Violate Any of Petitioner's Constitutional Rights

Petitioner has objected to many of the trial court's evidentiary rulings. Normally, rulings on the admissibility of evidence are matters of state law and not proper grounds for a federal writ of habeas corpus. *Grundler v. State of N.C.* 283 F.2d 798, 802 (4th Cir. 1960). These rulings will only result in a depravation of constitutional rights in extreme circumstances where they violate a specific constitutional protection or impugn fundamental fairness. *Id.* Petitioner has identified no specific constitutional right abridged by the state trial court's evidentiary rulings and the Court cannot say any rendered the Petitioner's trial fundamentally unfair.

In her petition, Aldridge points to three evidentiary rulings as grounds for the writ: the admission of evidence related to prior bad acts (solicitation of individuals to murder her husband); the introduction of a grisly Easter Card to her from Vickers; and the bolstering of a state witness with the testimony of a law enforcement officer. In her objections Ms. Aldridge argues that it was Vicker's who solicited the murder of her husband, and not herself. This argument is contradicted by evidence she submitted, herself, in support of her petition and by trial testimony. *See* e.g. Statement of Eric Hargis to Detective Murphy, Doc. 19-3 (stating that Petitioner offered him $10,000 to murder her husband); Statement of Shanon Kawalski to Detective Murphy, Doc. 19-4 (stating that both Petitioner and Vickers asked his wife about using mercury as poison); Trial Transcript. Next she argues that she was ambushed when Detective Pendleton was called to "bolster" the testimony of Kawalski. She argues that although Pendleton was called as an impeachment witness she was not given an opportunity to impeach Kawalski prior to Pendleton's testimony. As Judge Taylor points out, the state habeas court found officer Pendleton's testimony

7

was direct evidence and not evidence used to bolster Kawalski.[3] Without a more specific showing of a constitutional violation or fundamental unfairness, this Court is not in a position to second guess the state's evidentiary decisions. *See Estelle v. McGuire*, 502 U.S. 62, (1991). Neither should this Court second guess the admissibility of the Easter card, sent from Mitchell Vickers to Ms. Aldridge which stated he would kill for her. The trial court allowed the card as evidence to impeach Ms. Aldridge. The record is clear that she, herself, authenticated the card by admitting she received it from Vickers. It was allowed as impeachment evidence after she was asked whether Vickers had ever indicated he would kill for her and she responded in the negative. The state court has ruled these matters were correct under the state rules of evidence and this Court can find no constitutional error. As such, the Court **ADOPTS** the recommendations of Magistrate Judge Taylor and **DENIES** Petitioner's objections.

**IV.    The Record Contains Sufficient Evidence to Support Petitioner's Conviction**

Petitioner's next argument is that made pursuant to 28 U.S.C. § 2254(d)(2), that there was insufficient evidence on the record to warrant her conviction. In reviewing a federal habaeas corpus claim based upon sufficiency of the evidence, a court is not to ask whether "it believes the evidence at trial established guilt beyond a reasonable doubt" but rather whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307 (1979).

Petitioner's objection is that the verdict against her was based solely on the self-serving

---

[3]Additionally, the trial transcript shows that defense counsel vigorously cross-examined Kawalski delving into his criminal background and even revealing an instance where he shot at Mitchell Vickers. Petitioner's counsel used the opportunity afforded through cross-examination to impeach.

testimony of witnesses Hargis and Kawalski. Under the relevant standard, this Court cannot second guess the credibility determination made by the jury. *See Wiggins v. Corcoran,* 288 F.3d 629 (4th Cir. 2002) *overruled on other grounds by Wiggins v. Smith*, 539 U.S. 510 (2003). When viewed in the light most favorable to the prosecution, the record contains plenary evidence to support Petitioner's conviction. *See Jackson*, 443 at 319 (in habeas review evidence must be viewed in the light most favorable to the prosecution). The Court, therefore, **ADOPTS** the magistrate's findings and **DENIES** Petitioner's objection.

**V.      The Alleged Undisclosed Information Is Not Material Under *Brady* et seq.**

Petitioner next objects to the magistrate's ruling on her asserted *Brady* violation. According to Ms. Aldridge, Eric Hargis informed another state witness he was present when Millard Aldridge was killed. The same witness stated that he informed detectives about Hargis's potential presence at the crime scene. Ms. Aldridge contends that the defense was not made aware of Hargis's statement until after the jury had begun deliberations.

Under the precedent established in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment." The Court in *U.S. v. Agurs*, 427 U.S. 97 (1976), expanded *Brady* so that it applies to undisclosed evidence favorable to the defendant even when no request had been made. To result in a constitutional violation, however, the undisclosed evidence must still be "material." The Court refined the standard for materiality in *U.S. v. Bagley*, 473 U.S. 667 (1985), stating that, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence

9

in the outcome."

Using the materiality standard of *Bagley*, Judge Taylor agreed with the state habeas court that any undisclosed evidence about Hargis's possible presence at the crime scene did not amount to a constitutional violation. This Court agrees. As noted by the state habeas court, Hargis's presence at the scene of the crime does not exculpate Petitioner. While Ms. Aldridge objects that cross-examination may have been different had this information been known, there is no probability that any new line of questioning based on this information would have been sufficient to undermine confidence in the outcome of the trial. The defense examined Hargis thoroughly and revealed his significant involvement in criminal activity. Evidence in the record indicates that detectives investigated the possibility of Hargis's presence at the crime scene and determined he was not there. The Court agrees with the magistrate's findings and **ADOPTS** them as its own. Petitioner's objection is **DENIED**.

### VI. Petitioner Has Failed to Demonstrate an Abridgment of Her Constitutional Rights Due to Ineffective Assistance of Counsel

The U.S. Supreme Court set out the proper standard for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the Court stated,

> [a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . .has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. The Court went on to explain that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id* at 689. When a strategic choice is at issue the court must be so deferential that such decisions are "virtually unchallengeable." *Id.* at 690.

Petitioner objects to the magistrate's findings on three grounds: 1) that counsel did not inform her of the meaning of a bifurcated trial; 2) that not investigating the possible presence of Hargis was not reversible error; and 3) that not hiring a crime scene expert was not reversible error. First, the Court would note that Petitioner's acknowledgment of her trial counsel's motion for a bifurcated trial changes the analysis from that performed by the magistrate. Judge Taylor's findings appear to be based on contentions that no such motion was filed. The filing of the motion means that trial counsel did consider and investigate the option of bifurcation and indeed pursued it. Petitioner, therefore, is challenging her trial counsel for pursuing a strategy she would have had him take in hindsight. This fails the *Strickland* test for prejudice. On the second issue, counsel can hardly be faulted for not investigating the presence of Hargis at the crime scene when they were unaware of that possibility until after the jury had begun to deliberate. More importantly, as explained above, the presence of Hargis at the crime scene in no way exculpates the defendant and the failure to pursue such an avenue of investigation could be excused on that ground. *See id.* at 690-91 ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"). Finally, on the issue of the crime scene investigation, Petitioner has failed to show prejudice. She speculates about what may have been found at the crime scene, but provides no evidence of what she would expect to find. The Court agrees with the magistrate's findings and **ADOPTS** them. The Court further **DENIES** Petitioner's objection on this issue.

**VII.     Cumulative Error**

In objecting to the magistrate's findings on cumulative error Petitioner cites to *O'Neal v. McAnnich*, 513 U.S. 432, 436 (1995). Ms. Aldridge correctly recognizes the *O'Neal* Court's holding as deferential to the plaintiff when there is "grave doubt about whether a trail error of federal law had substantial and injuries effect or influence in determining the jury's verdict, that error is not harmless." *Id.* at 436 (internal quotations omitted). Here, as the magistrate pointed out, there is no error of federal law, constitutional or otherwise. The Court, therefore, need not undertake a harmless error test. Where there are no errors of a federal or constitutional dimension individually, the court will not analyze alleged errors cumulatively in an attempt to find an error of federal law *See Fisher v. Angelone*, 163 F.3d 835, 855 n.9; *see also*, *Arnold v. Evatt*, 113 F.3d 1352, 1364 (4th Cir. 1997). Again, the Court **ADOPTS** the magistrate's findings and recommendations and **DENIES** Petitioner's objections.

## Conclusion

In reviewing a state court's decisions on a petition for writ of habeas corpus, this Court does not act as another level of appeal. In order to successfully secure a writ a petitioner must demonstrate not only error, but error of a federal or constitutional magnitude. Here, the petitioner points to many decisions of the trial court and her counsel of which she disagrees. None of those decisions, however, were so obviously in error or of such an egregious magnitude to abridge one of her federally guaranteed rights.

Magistrate Judge Taylor, who first reviewed this federal claim, proposed reasoned and well-founded findings on each of Petitioner's claims. As such, this Court **ADOPTS** his findings and recommendations in full. Additionally, this Court has carefully reviewed Petitioner's objections to

the magistrate's opinion. Although Petitioner did submit additional evidence along with her objection, there is little additional material on which to evaluate her claims and her objections mainly emphasize points already reviewed by Magistrate Judge Taylor. Because of the Court's agreement with Judge Taylor's analysis and it's finding that Petitioner's objections have no merit, each objection is **DENIED**. Defendant's motion for summary judgment, seeking a denial of Ms. Aldridge's petition (Doc. 16) is **GRANTED**.

Also pending are Ms. Aldridge's motion for hearing (Doc. 20) and her motion for appointment of counsel (Doc. 21). Each of these motions is **DENIED**. Having found in favor of the defendant, the Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                                            ENTER: March 18, 2009

                                            ROBERT C. CHAMBERS
                                            UNITED STATES DISTRICT JUDGE